## FRENCH AND OTHERS *vs.* WHITE.

The statute, relating to the draining of lands, passed in 1853, (Rev. Stat., tit. 47,) does not authorize the county court to empower the owners of lands to drain them, in such a manner that the water will be discharged from them, and be deposited, and remain, on the land of adjoining proprietors, but only to drain them across such adjoining lands.

Therefore, where, upon an application to the county court for power to drain the petitioner's land, " on to the premises of the respondents," freeholders were appointed, according to the provisions of said act, to prescribe the best mode of doing this, who, in their report, ordered that the petitioner have the right to drain his land "on to and upon the land of the respondent," and that the petitioner have " leave and license to construct, and repair, a drain, terminating at a point on the respondent's land, and it was not shown that the water, in such drain, would be thence conveyed from the respondent's land, the court accepted such report, and passed a decree pursuant thereto ; it was held, that the court and freeholders had exceeded the powers conferred upon them by said act.

THIS was a petition, brought to the county court for New-Haven county, by Isaac White, against Alfred French and others.　Said petition alleged substantially, that the petitioner was the owner of a tract of land, with a dwelling-house and barn thereon, which land, in the spring of the year, and in all wet and rainy seasons, is to a great extent overflowed with water to a considerable depth, and that said water frequently overflows a portion of the yard next adjoining the barn on said premises, so as greatly to incommode him in the use of said barn, and the yard thereto adjoining.　And that the ground, so overflowed by such water, is greatly injured and deteriorated in value, and rendered nearly useless ; and that a large pond of water is made to collect and stand upon said ground, greatly to the damage and annoyance of the petitioner, and to all persons living in the immediate vicinity of said premises ; that, situated westerly from said premises, and adjacent thereto, on the westerly side of the road, bounding said premises on the west, there is a piece of low, marshy land, owned by the respondents ; that a portion of said last described premises is low, swampy and marshy land as aforesaid, through which there is a brook running from said premises to convey the water off the same, and that said premises, last described, are next adjoining the premises of the petitioner, divided only by a traveled highway between the same ; that, by aid of a drain from the premises of the petitioner, under said traveled highway to the last-described

premises, said water has been accustomed to flow for a period of some nineteen years uninterrupted, and causing no damage or injury to said last-described premises, and thereby draining the premises of the petitioner from said waters so collected, and that Alfred French, one of said proprietors, and the occupant of said last-described premises, contriving and intending to injure the petitioner, has stopped up said drain, and prevented the draining of the premises of the petitioner, as it has formerly been done; that the natural course to drain the premises of the petitioner is, to allow the water to run westerly under said road, and on to the premises belonging to the heirs of Nancy French, deceased, as herein before described, and that he is unable to agree with said proprietors of said adjacent lands as to the mode of draining the petitioner's land on to the land of the respondents, and the amount of the damages consequent thereon; praying the court to empower him to drain his premises on to the premises of said respondents, in such manner, and on such terms and conditions, as are prescribed in a certain statute law of this state, entitled, "An act to enable the owners of lands to drain the same," passed May session, 1854.

At the term of said county court, holden in December, 1854, a committee of freeholders of the town, within which said lands were situated, was appointed to prescribe the best mode of draining said land, and to assess the damages which would thereby accrue to the respondents, and to be clothed with all the powers, and to proceed according to the provisions of the act aforesaid.

At the same term of said court, said committee made their report, stating, that having heard the parties, pursuant to the order of said court, they were of opinion, and did adjudge, that the lands of the petitioner were flooded as described in said petition, and required to be drained, and that the best mode of draining the same was by a canal, or drain, running westerly from the land of the petitioner under said highway, and on to said lands of the respondents; and did therefore

order, and adjudge, that the petitioner shall have the right and privilege to drain his land on to, and upon, the said land of the respondents, and that said petitioner have leave and license to build, open, construct, or repair a canal, or drain, from a point in the land of the petitioner, "through, and on to, the land of the respondents," in a manner described in said report, and to terminate at a point on the land of the respondents : the said petitioner to be clothed with full power to construct a drain, or ditch, or gutter, of such size and dimensions, as shall be able to convey all water from his said premises, in as full and ample manner as he shall desire ; with full power to enter upon said land of said respondents, by himself or servants, with all necessary implements and teams, for the construction or repairs of said drain, within such reasonable time as shall be designated and appointed, with full power of repairs and inspection, at any and all times hereafter, without liability to account therefor.

Against the acceptance of this report, the respondents remonstrated. But the court accepted the same, and decreed that the petitioner, by himself, and his servants and teams, should have full power and authority to enter into and upon said premises of said respondents, pursuant to said report thereto annexed, and should be clothed with all the powers and privileges given by said statute and said report, to construct, erect and make said drain, and repair the same, thereby affirming and decreeing all that said freeholders, in their said report, had adjudged and done.

The respondents thereupon, by motion in error, brought the record before this court, for revision.

*H. B. Munson,* in support of the motion.

1. The petition is insufficient. It asks for liberty, or power, to drain upon, instead of across, the respondent's land. Draining water upon land, and then leaving it, is very different from draining or conducting it across. The

statute contemplates conducting the water across the land in a ditch or aqueduct.

2. The decree is erroneous, for it decrees a right which the statute does not authorize, viz., "to drain on and upon the land of the respondents," instead of across it.

3. This statute being in derogation of the rights of the citizen, should at least be strictly construed. *Strong* v. *Burchard*, 5 Conn. R., 357.

*Wooster,* contra.

As the petitioner prays for the right to drain his premises on to the premises of the respondents, in such manner and on such terms and conditions as are prescribed in the statute entitled " An act to enable the owners of land to drain the same," he prays for the right to drain across said premises.

The right to drain across includes the right to drain on to, as the greater includes the less.

STORRS, J.   We are of opinion that the county court, and the freeholders, appointed by it to prescribe the best mode of draining the land of the petitioner, clearly exceeded, in their proceedings in this case, the powers given to them by the act on which they were founded.   The freeholders, in their report, state that they are of opinion that the premises of the petitioner, described in the petition, require to be drained, and that they adjudge that the best mode of draining them is by a drain, running westerly from said premises, " on to" the adjoining lands of the respondents ; and that they therefore order that the petitioner shall have the right and privilege to drain his land " on to and upon the said land of the respondents," and that he have leave and license to build, open, construct and repair a drain, commencing at a well, standing upon said land of the petitioner, and terminating at a point on the land of the respondents, (the line, course and termination of which are particularly described,) of such size and

dimensions, that it shall be able to convey all the water, from the premises of the petitioner, in as full and ample a manner as he shall desire, and to enter upon said land of the respondents, for the construction of such drain, within such time as the court shall designate, and to repair and inspect the same, at any and all times thereafter. It appears, by the description of the said drain in this report, that it would terminate on the respondents' land, and not extend across it; and nothing is stated in it, by which it is shown, or can be inferred, that the water in the drain would be thence conveyed from it. The court accepted the report, and affirmed, and decreed "the matters therein contained," and "all that the said freeholders had therein said, adjudged and done;" and gave "full power and authority to the petitioner," on and after a day designated, "to enter in and upon said premises of the respondents, pursuant to said report," and conferred upon the petitioner, "all the powers and privileges, given by said report, to construct, erect, and make said drain, and repair the same."

The act, on which this petition was brought, by its terms only authorizes the county court to empower the owners of lands, which require draining, to drain them across the lands of adjoining proprietors. It does not authorize that court to allow them to drain their lands in such a manner, that the water will be discharged from them, and be deposited and remain on the lands of such adjoining owners. There is no principle by which the power, thus specially conferred on that court, can be so extended, by construction, that it can authorize the owners of lands to drain them in that mode; and if the strict meaning of the language used in the act, could be departed from, such a construction would be most unreasonable, and plainly contrary to the intention of the legislature. As these proceedings are defective in this particular, the judgment complained of should be reversed.

The disposition of the case, on this point, renders it un-

necessary to consider the other questions that have been made.

In this opinion, the other judges, WAITE and HINMAN, concurred.

Judgment reversed.