DOROTHY B. FULLER *v.* WILLIAM B. GULLETTE ET AL.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 2981
AT STAMFORD

Memorandum filed September 20, 1960 [1]

*Maguire, Cole & Bentley,* of Stamford, for the plaintiff.

*Hicks & Sturges,* of New Canaan, for defendants Mary Roles and town of New Canaan.

*Groher & Dolan,* of New Canaan, for defendants William B. Gullette, Ethel Mae Gullette, Preview Theater, Inc., Rufus C. Maddux and Marzone C. Maddux.

*Thomas B. Simpson, Jr.,* and *Barbara D. Simpson,* defendants, pro se.

*Lepofsky & Lepofsky,* of Norwalk, for defendant Ralph Zullo.

SHAPIRO, J. The plaintiff owns a tract of land in New Canaan which fronts on a public highway and upon which is a dwelling house in which she resides with her family. She alleges that, owing to the topography of her land, water at times collects in her cellar, that she desires to construct footing drains around her dwelling to said highway, thence

---

[1] Publication of this decision was determined upon after its citation as precedent in subsequent cases.

to a culvert leading into a stream and onto and across other land of these defendants. Being unable to agree with these defendants as to the mode of damages and drainage over their land, the plaintiff has brought this action under § 52-456 of the General Statutes.

These defendants argue that since their land is not touching or contiguous to plaintiff's land, but rather across the highway from it and several hundred feet distant therefrom, they are not "proprietors of adjacent lands" or "adjoining proprietors" as contemplated by § 52-456.

"Adjacent" means lying near, neighboring. *State* v. *Angus,* 83 Conn. 137, 141. The word "adjoining," when used in its etymological sense, means touching or contiguous, as distinguished from lying near or adjacent. But if the court were to adopt the defendants' construction of this statute, what purpose would be served by it? The statute contemplated that it might be necessary to acquire the right to drain water over various parcels of land. A case dealing with the right to drain over adjacent lands was considered by the court in 1855 in *French* v. *White,* 24 Conn. 170, with a clear indication that this was intended by the statute.

A careful reading of the statute in question, in view of the obvious purpose it was and is intended to serve, makes it apparent that to limit its effect to contiguous land only defeats its very purpose. The law already cited makes this quite clear.

For the reasons given, the demurrer is overruled.